UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FREDERICK WEBSTER,

    Plaintiff,

v.                                            4:24cv449–WS/MJF

FLORIDA SUPREME COURT,
et al.,

    Defendants.

_____

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION[1]

Before the court is the magistrate judge's report and recommendation (ECF No. 9) docketed January 15, 2025. The magistrate judge recommends that Plaintiff's case—a section 1983 action—be dismissed for lack of subject-matter jurisdiction. The plaintiff, Frederick Webster, has filed an objection (ECF No. 12) to the report and recommendation.

Webster has sued the Florida Supreme Court and six justices of that Court

---

[1] Judge Stafford is changing his status to inactive senior status. Ultimately, Judge Stafford's cases will be reassigned to other district judges. In the interim, as Chief Judge, I am covering his docket.

(collectively, "Defendants"), alleging that Defendants violated his First Amendment right to court access when they denied Webster's petition for a writ of mandamus. In its order denying Webster's petition, the Florida Supreme Court stated that Webster was not entitled to mandamus relief because he "failed to show a clear legal right to the relief requested." *Webster v. State*, No. SC2024–0998, 2024 WL 3963742, at *1 (Fla. Aug. 28, 2024) (citing *Huffman v. State*, 741 So.2d 532 (Fla. 2d DCA 1999)).[2] Webster has alleged that Defendants improperly based the denial of his mandamus petition on a *pro se* injunction issued by the Fourth District Court of Appeal as a sanction for Webster's abuse of the judicial system. Webster now seeks an order from this court (1) declaring that Defendants violated his constitutional right of access to the court; (2) compelling Defendants to reopen his mandamus case for a merits determination of his mandamus petition; and (3) enjoining Defendants from further relying on the District Court of Appeal's *pro se* injunction to deny his mandamus petition.

---

[2] In *Huffman*, the Florida Supreme Court wrote: "In order to be entitled to a writ of mandamus the petitioner must have *a clear legal right* to the requested relief. . . . If Huffman has abused the judicial process to the point that the lower courts have sanctioned him by prohibiting further filings, we conclude that he has no right to continue to file procedurally barred or successive petitions or postconviction motions. As such, we conclude that Huffman is not entitled to mandamus relief as a means to override the lower courts' sanction orders." *Id.* at 11 (emphasis added).

The magistrate judge concluded that "Defendants denied [Webster's] petition on the merits." ECF No. 9, p.5. In his objection to the magistrate judge's report and recommendation, Webster makes a lone argument: he contends that the magistrate judge mis-characterized Defendants' denial of his mandamus petition as a "merits decision." He maintains that, by referencing the *Huffman* case, Defendants indicated that the denial of his mandamus petition was based, not on the merits, but on "Plaintiff's pas[t] abusive filings in the courts." ECF No. 12, p.2. Having so characterized Defendants' decision, Webster submits that subject matter jurisdiction exists over his section 1983 claim. The undersigned is unpersuaded.

Defendants denied Webster's mandamus petition because Webster "failed to show a clear legal right to the relief requested." 2024 WL 3963742, at *1. The magistrate judge correctly concluded that Defendants' denial of mandamus relief constituted a decision on the merits. That the supreme court's no-clear-legal-right decision may have been based on a lower court's sanction order does not make the supreme court's denial of mandamus relief something other than a decision on the merits.

In a footnote, the magistrate judge notes that "[a] federal district court 'cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.' " ECF No. 9,

n.2 (quoting *Casale v. Tillman*, 558 F. 3d 1258, 1260 (11th Cir. 2009)). Indeed, "it is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 522 U.S. 280, 284 (2005) (noting that a federal district court lacks jurisdiction to adjudicate "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). "Under the *Rooker–Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States." *Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir. 1998).

Although Webster casts his lawsuit as a section 1983 action, he is—in fact—seeking collateral review in federal court of a final state court decision. This he cannot do. The magistrate judge's recommendation that this case be dismissed for lack of subject-matter jurisdiction is due to be adopted. Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (ECF No. 9) is

ADOPTED and incorporated into this order by reference.

2. This action is DISMISSED without prejudice for lack of subject-matter jurisdiction.

3. The clerk shall close the case.

DONE AND ORDERED this 11th day of February, 2025.

                s/Mark E. Walker
                MARK E. WALKER
                CHIEF UNITED STATES DISTRICT JUDGE